JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>24 FIREARMS FROM VARIOUS MANUFACTURERS, MAKES, MODELS AND ASSORTED CALIBERS, and APPROXIMATELY 3,138 ROUNDS OF ASSORTED AMMUNITION,<br><br>Defendants. | 2:18-CV-0142-TOR<br><br>Amended Verified Complaint for Forfeiture *In Rem* |

Plaintiff, United States of America, by its attorneys, Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant United States Attorney, brings this Amended Verified Complaint and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

I. NATURE OF THE ACTION

1.  This is an action to forfeit and condemn to the use and benefit of the United States of America 22 firearms and approximately 3,138 rounds of assorted

Amended Verified Complaint for Forfeiture *In Rem*    1

ammunition seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), pursuant to 18 U.S.C. § 924(d) for violations of 18 U.S.C. § 922(g)(3) drug user in possession of firearms and ammunition; and two firearms subject to seizure in accordance with Supplemental Rule G(3)(b)(ii) pursuant to 18 U.S.C. § 924(d) for violations of 18 U.S.C. § 922(g)(3) drug user in possession of firearms.

## II. THE DEFENDANT(S) IN REM

2. The Defendant property consists of:

(a) Twenty-two firearms and approximately 3,138 rounds of assorted ammunition seized by ATF pursuant to a federal search warrant on or about December 13, 2017, further described in Attachment A, attached hereto and incorporated herein by reference; and

(b) Two firearms, a Smith & Wesson MDL 1000 Shotgun Cal: 12, SN: FC33730, and a Ruger LCP Pistol Cal: .380 SN: 371-862256, which are, upon information and belief, currently in the possession of RICHARD JOHNSON, of Spokane, Washington;

hereinafter collectively referred to as "Defendant property".

## III. JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

Amended Verified Complaint for Forfeiture *In Rem*            2

4.  This Court has *in rem* jurisdiction over the Defendant property under 28 U.S.C. § 1355(b).  Upon the filing of this Complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.  Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV.  BASIS FOR FORFEITURE

6.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 5 above.

7.  18 U.S.C. § 922(g)(3) makes it unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) to possess in or affecting commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

8.  The Defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) because it constitutes firearms and ammunition involved in or used in a knowing violation(s) of 18 U.S.C. § 922(g)(3), *i.e.* a person who is an unlawful user of controlled substance(s) in possession of firearms and ammunition.

## V. FACTS

9. In the fall of 2016, the United States Drug Enforcement Administration (DEA) and the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) were conducting independent investigations into controlled substance violations which overlapped in October 2016.

10. Based upon information discovered during the investigation, agents determined that one of the targets of the investigation, Manuel Augustine ERICKSON lived at 1508 East Wabash Avenue, in Spokane, Washington, with Richard JOHNSON. The investigation also revealed that another target of the investigation, Brandon ROSE, had delivered methamphetamine to both ERICKSON and JOHNSON at the residence. In addition, there was evidence that the residence had been used to store methamphetamine and firearms. Both ERICKSON and ROSE are felons who are not permitted access to firearms.

11. On December 13, 2017 the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), the United States Drug Enforcement Administration (DEA) and the Spokane Police Department (SPD), executed a federal search warrant at Richard JOHNSON's residence located at 1508 East Wabash Avenue, in Spokane, Washington.

Amended Verified Complaint for Forfeiture *In Rem*     4

12. During the search, ATF agents seized 24 firearms and approximately 3,138 rounds of ammunition.[1] DEA agents assisting with the search seized 49 gross grams of suspected methamphetamine, a substance later determined by the DEA laboratory to contain 17.418 grams of pure methamphetamine; and, 240 gross grams of suspected marijuana. As the search commenced, JOHNSON was interviewed by an ATF agent and admitted that he routinely used marijuana.

13. On December 22, 2017, ATF agents contacted JOHNSON at his residence located at 1508 East Wabash Avenue. The agents conducted a consensual conversation with JOHNSON in the agents' vehicle. The agents asked JOHNSON about the methamphetamine found in his residence on December 13, 2017 and informed JOHNSON that the agents were aware of telephone communications on JOHNSON'S phone regarding methamphetamine. JOHNSON then alluded to using methamphetamine.

14. On January 5, 2018, SA Helm contacted Clinton Olson at Precision Combat Arms regarding the shotgun JOHNSON had previously ordered and not picked up. Olson stated he was familiar with Richard JOHNSON and JOHNSON had recently picked up a Smith & Wesson shotgun. SA Helm obtained a copy of the ATF Form 4473 (a form required to be filled out by an individual obtaining a firearm from

---

[1] The United States seeks forfeiture of 22 of the 24 firearms seized on December 13, 2017, by ATF agents. *See* Attachment A. ATF determined that two of the seized firearms were stolen and will administratively return the stolen firearms to their rightful owners.

Amended Verified Complaint for Forfeiture *In Rem*     5

a Federal Firearms Licensee) that JOHNSON filled out when obtaining the shotgun. *See* Attachment B, ATF Form 4473. The ATF Form 4473 form completed by JOHNSON bears his identifying information and address of 1508 East Wabash Avenue, Spokane, WA. This is the same address where ATF and DEA executed a search warrant on December 13, 2017. SA Helm learned that JOHNSON purchased the aforementioned Smith and Wesson shotgun on December 20, 2017. In addition to the shotgun, the ATF Form 4473 completed by JOHNSON indicated he purchased the aforementioned Ruger pistol that same day. Upon information and belief, the Smith & Wesson shotgun and Ruger pistol remain in the possession of JOHNSON and constitute part of the Defendant property of which the Government seeks forfeiture.

    15.    ATF Form 4473 includes question 11(c), which asks the affiant, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.**" *See* Attachment B, ATF Form 4473 (emphasis in original). Further, by signing ATF Form 4473, the affiant certifies that all answers are "true, correct, and complete" and that the affiant understands that a "yes" answer to question 11(c) prohibits the affiant from purchasing a firearm. *Id.* In this same section of the form, the individual purchasing the firearm is also acknowledging that he or she understands that making any false oral or written statement or exhibiting any false or

Amended Verified Complaint for Forfeiture *In Rem*      6

misrepresented identification with respect to the transaction is a crime punishable as a felony. *Id.*

16.  On the ATF Form 4473 completed and signed by JOHNSON, he answered "no" to question 11(c). *See* Attachment B, ATF Form 4473. Moreover, JOHNSON signed the form certifying all his answers were true, correct and complete. *Id.*

17.  During the interview of JOHNSON on December 13, 2017, SA Helm specifically explained to Johnson that he was prohibited from possessing firearms because of his drug use. SA Helm also explained the meaning of question 11(c) on the ATF Form 4473 to JOHNSON. Despite SA Helm's effort to inform JOHNSON on December 13, 2017 that he was prohibited from possessing firearms, JOHNSON purchased the shotgun and pistol one week later on December 20, 2017. Therefore, JOHNSON violated federal law by answering "no" to question 11(c) on the ATF Form 4473 in violation of 18 U.S.C. § 922(a)(6).

18.  The Defendant property, located in the Eastern District of Washington, consists of property that had been shipped and transported in interstate and foreign commerce.

19.  Based on the two interviews ATF agents conducted with JOHNSON, on December 13 and December 22, 2017, where he admitted using marijuana regularly and using methamphetamine occasionally, in combination with the marijuana and methamphetamine found at his residence during the execution of the search warrant,

Amended Verified Complaint for Forfeiture *In Rem*    7

JOHNSON is prohibited from possessing firearms under Title 18 U.S.C. § 922(g)(3). Therefore, the Defendant property is forfeitable by operation of 18 U.S.C. § 924(d) and 18 U.S.C. § 922(g)(3).

## VI.   CONCLUSION

WHEREFORE, the Plaintiff requests that the Clerk issue a warrant of arrest *in rem* pursuant to Supplemental Rule G(3)(b)(i) for the arrest and seizure of the Defendant property described herein which is currently in the ATF's custody; that the Court issue a warrant of arrest *in rem* pursuant to Supplemental Rule G(3)(b)(ii) for the arrest and seizure of the Defendant property described herein believed to be in the custody of Richard Johnson; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the Defendant property be forfeited and condemned to the United States of America; that the Plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

DATED this 25th day of May 2018.

Joseph H. Harrington
United States Attorney

*s/Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

## VERIFICATION

I, David R. Steen, hereby verify and declare under penalty of perjury that I am an Agent with U.S. Customs and Border Protection – Intelligence (BPAI) in Spokane,

Amended Verified Complaint for Forfeiture *In Rem*        8

Washington and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, in Spokane, Washington, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this 25th day of May 2018.

_____
David R. Steen, ATF Task Force Officer
Border Patrol Agent – Intelligence (BPAI)

**Asset List**

| | |
|---|---|
| 18-ATF-005913 | RUGER P95 PISTOL CAL:9 SN:318-46243 |
| 18-ATF-005914 | VYATSKIE POLYANY MACHINE BUILDING PLANT - "MOLOT" VEPR SHOTGUN |
| 18-ATF-005924 | COLT MUSTANG POCKETLITE PISTOL CAL:380 SN:PL43680 |
| 18-ATF-005925 | TAURUS INTERNATIONAL PT738 TCP PISTOL CAL:380 SN:ID131775 |
| 18-ATF-005926 | SMITH & WESSON 1000M Shotgun CAL:12 SN:FB45501 |
| 18-ATF-005927 | A A ARMS INC. AP9 PISTOL CAL:9 SN:056700 |
| 18-ATF-005928 | REMINGTON ARMS COMPANY, INC. UNKNOWN  SHOTGUN CAL:UNKNOWN SN |
| 18-ATF-005930 | PHOENIX ARMS CO. HP25A PISTOL CAL:25 SN:4506715 |
| 18-ATF-005931 | JENNINGS FIREARMS J22 PISTOL CAL:22 SN:368228 |
| 18-ATF-005932 | SAVAGE 101 REVOLVER CAL:22 SN:5091 |
| 18-ATF-005934 | 39 Rounds ASSORTED Ammunition CAL:MULTI |
| 18-ATF-005935 | MAVERICK ARMS (EAGLE PASS, TX) 88 Shotgun CAL:12 SN:MV011212 |
| 18-ATF-005936 | 26 Rounds ASSORTED Ammunition CAL:MULTI |
| 18-ATF-005937 | 300 Rounds REMINGTON Ammunition CAL:380 |
| 18-ATF-005938 | DEL-TON INC DTI-15 RIFLE CAL:556 SN:DTI-S131054 |
| 18-ATF-005939 | 7 Rounds ASSORTED Ammunition CAL:32/380 |
| 18-ATF-005940 | 6 Rounds SPEER Ammunition CAL:multi |
| 18-ATF-005941 | 10 Rounds Assorted Ammunition CAL:multi |
| 18-ATF-005946 | ZASTAVA M70 RIFLE CAL:762 SN:N-PAP050061 |
| 18-ATF-005949 | 9 Rounds Assorted Ammunition CAL:12 |
| 18-ATF-005955 | 9 Rounds ASSORTED Ammunition CAL:12 |
| 18-ATF-005956 | 918 Rounds ASSORTED Ammunition CAL:multi |
| 18-ATF-005957 | 95 Rounds Assorted Ammunition CAL:multi |
| 18-ATF-005958 | MOSSBERG 500 Shotgun CAL:12 SN:T856913 |
| 18-ATF-005959 | DIAMONDBACK ARMS INC. DB-10 Rifle CAL:unknown SN:DB-40000594 |
| 18-ATF-005960 | KAHR ARMS - AUTO ORDINANCE P40 PISTOL CAL:40 SN:WA2603 |
| 18-ATF-005961 | SMITH & WESSON 442 AIRWEIGHT REVOLVER CAL:38 SN:CJY8197 |
| 18-ATF-005962 | 400 Rounds ASSORTED Ammunition CAL:308 |
| 18-ATF-005963 | ISRAEL WEAPON IND- IWI (ISRAEL MILITARY IND-IMI) DESERT EAGL |
| 18-ATF-005964 | RUGER GP100 REVOLVER CAL:357 SN:170-11194 |
| 18-ATF-005965 | KIMBER CUSTOM II PISTOL CAL:45 SN:K475616 |
| 18-ATF-005966 | HS PRODUCTS (IM METAL) XD40 SUB-CMPCT MOD 2 PISTOL CAL:40 SN |
| 18-ATF-005967 | TAURUS 608 REVOLVER CAL:357 SN:K0194242 |
| 18-ATF-005968 | 62 Rounds ASSORTED Ammunition CAL:multi |
| 18-ATF-005969 | 15 Rounds WINCHESTER-WESTERN Ammunition CAL:9 |
| 18-ATF-005970 | 580 Rounds ASSORTED Ammunition CAL:762 |
| 18-ATF-005971 | 7 Rounds CBC - BRAZILIAN CARTRIDGE COMPANY Ammunition CAL:45 |
| 18-ATF-005972 | 305 Rounds ASSORTED Ammunition CAL:multi |
| 18-ATF-005973 | 8 Rounds WINCHESTER-WESTERN Ammunition CAL:38 |
| 18-ATF-005975 | 280 Rounds ASSORTED Ammunition CAL:223 |
| 18-ATF-005976 | 6 Rounds unknown Ammunition CAL:357 |
| 18-ATF-005977 | 243 Rounds ASSORTED Ammunition CAL:40 |
| 18-ATF-005978 | 5 Rounds UNKNOWN Ammunition CAL:40 |
| 18-ATF-005979 | 50 Rounds ASSORTED Ammunition CAL:12 |
| 18-ATF-005981 | 290 Rounds ASSORTED Ammunition CAL:9 |
| 18-ATF-005982 | 12 Rounds ASSORTED Ammunition CAL:40 |
| 18-ATF-005983 | 14 Rounds SIG SAUER (SIG) Ammunition CAL:10 |
| 18-ATF-005984 | 270 Rounds assorted Ammunition CAL:556 |
| 18-ATF-005985 | 5 Rounds FEDERAL Ammunition CAL:50 |
| 18-ATF-005991 | 93 Rounds ASSORTED Ammunition CAL:12 |

ATTACHMENT A                                                                                          9

```
18-ATF-005593    5 Rounds WINCHESTER-WESTERN Ammunition CAL:38
18-ATF-005995    220 Rounds Assorted Ammunition CAL:Multi  668
18-ATF-005998    Rounds ASSORTED Ammunition CAL:multi
```

12-20

OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Firearms Transaction Record

| | Transferor's/Seller's Transaction Serial Number (If any) |
|---|---|
| **WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.<br><br>Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises ("*licensed premises*" *includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located*) unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. "**PLEASE PRINT**." | 3574 |

## Section A - Must Be Completed Personally By Transferee/Buyer

**1. Transferee's/Buyer's Full Name** (If legal name contains an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)

| Last Name (Including suffix (e.g., Jr, Sr, II, III)) | First Name | Middle Name |
|---|---|---|
| Johnson | Richard | William |

**2. Current State of Residence and Address** (U.S. Postal abbreviations are acceptable. Cannot be a post office box.)

| Number and Street Address | City | County | State | ZIP Code |
|---|---|---|---|---|
| 1508 E Wabash Ave | Spokane | WA Spokane | WA | 99207 |

| 3. Place of Birth | | 4. Height | 5. Weight (Lbs.) | 6. Sex | 7. Birth Date | | |
|---|---|---|---|---|---|---|---|
| U.S. City and State | -OR- Foreign Country | Ft. 5 | 155 | ☒ Male | Month | Day | Year |
| San Diego CA | | In. 10 | | ☐ Female | | | 1986 |

**8. Social Security Number** (*Optional, but will help prevent misidentification*)
▓▓▓▓▓ 2533

**9. Unique Personal Identification Number** (UPIN) if applicable (See Instructions for Question 9.)

| 10.a. Ethnicity | 10.b. Race (In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.) |
|---|---|
| ☐ Hispanic or Latino<br>☒ Not Hispanic or Latino | ☐ American Indian or Alaska Native   ☐ Black or African American   ☒ White<br>☐ Asian                              ☐ Native Hawaiian or Other Pacific Islander |

| 11. Answer the following questions by checking or marking "yes" or "no" in the boxes to the right of the questions. | Yes | No |
|---|---|---|
| a. Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☒ | ☐ |
| b. Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year? (*See Instructions for Question 11.b.*) | ☐ | ☒ |
| c. Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? (*See Instructions for Question 11.c.*) | ☐ | ☒ |
| d. Are you a fugitive from justice? (*See Instructions for Question 11.d.*) | ☐ | ☒ |
| e. Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.** | ☐ | ☒ |
| f. Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? (*See Instructions for Question 11.f.*) | ☐ | ☒ |
| g. Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☒ |
| h. Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? (*See Instructions for Question 11.h.*) | ☐ | ☒ |
| i. Have you ever been convicted in any court of a misdemeanor crime of domestic violence? (*See Instructions for Question 11.i.*) | ☐ | ☒ |

**12.a. Country of Citizenship:** (Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)
☒ United States of America (U.S.A)    ☐ Other Country/Countries (Specify): _____

| | | Yes | No |
|---|---|---|---|
| 12.b. | Have you ever renounced your United States citizenship? | ☐ | ☒ |
| 12.c. | Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☒ |
| 12.d.1. | Are you an alien who has been admitted to the United States under a nonimmigrant visa? (*See Instructions for Question 12.d.*) | ☐ | ☒ |
| 12.d.2. | If "yes", do you fall within any of the exceptions stated in the instructions? | ☐ N/A | ☒ |

**13.** If you are an alien, record your U.S.-Issued Alien or Admission number (AR#, USCIS#, or I94#): _____

Previous Editions Are Obsolete         **Transferee/Buyer Continue to Next Page**         ATF Form 4473 (5300.9)
Page 1 of 6    ATTACHMENT B         **STAPLE IF PAGES BECOME SEPARATED**         Revised October 2016

11

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.l and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
| *[signature]* | 12/20/17 |

**Section B - Must Be Completed By Transferor/Seller**

| 16. Type of firearm(s) to be transferred *(check or mark all that apply):* | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☒ Handgun  ☒ Long Gun *(rifles or shotguns)*  ☐ Other Firearm *(frame, receiver, etc. See Instructions for Question 16.)* | Name of Function: _____ <br> City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.)* *(See Instructions for Question 18.a.)*

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* |
|---|---|---|
| WADL | *[redacted]* | Month / Day / Year 2019 |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address). (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

**Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s)** *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month 12 / Day 20 / Year 2017 | 100GMS6WD |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☒ Proceed  ☐ Delayed *[The firearm(s) may be transferred on _____ if State law permits (optional)]*  ☐ Denied  ☐ Cancelled | ☐ Proceed _____ *(date)*  ☐ Overturned <br> ☐ Denied _____ *(date)* <br> ☐ Cancelled _____ *(date)* <br> ☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date).* ☐ Proceed  ☐ Denied  ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ *(name)*  _____ *(number)* | |

20. ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. ☐ No NICS check was required because the transferee/buyer has a valid permit from the State where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
| | | | |

**Section C - Must Be Completed Personally By Transferee/Buyer**

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
| | |

Transferor/Seller Continue to Next Page
**STAPLE IF PAGES BECOME SEPARATED**

### Section D - Must Be Completed By Transferor/Seller Even If The Firearm(s) is Not Transferred

| | 24. Manufacturer and Importer (If any) (If the manufacturer and importer are different, the FFL must include both.) | 25. Model (If Designated) | 26. Serial Number | 27. Type (See Instructions for Question 27.) | 28. Caliber or Gauge |
|---|---|---|---|---|---|
| 1. | Smith & Wesson | MDL 1000 | FC 33730 | Shotgun | 12 gauge |
| 2. | Ruger | LCP | 371-862256 | Pistol | .380 ACP |
| 3. | | | | | |
| 4. | | | | | |

REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days

29. Total Number of Firearms Transferred (Please handwrite by printing e.g., zero, one, two, three, etc. Do not use numerals.) **TWO**

30. Check if any part of this transaction is a pawn redemption.
☐ Line Number(s) From Question 24 Above:

31. For Use by Licensee (See Instructions for Question 31.)

32. Check if this transaction is to facilitate a private party transfer.
☐ (See Instructions for Question 32.)

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number (Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)

PRECISION COMBAT ARMS
1710 E. TRENT UNIT 1
SPOKANE, WA 99202
509-535-0655
9-91-[redacted]-03967

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 (and my re-verification at the time of transfer, *if Section C was completed*); and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name (Please print) | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| Linron Olson | [signature] | Owner | 12-20-17 |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

### Section A

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.