UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
CASE NO: 2:18-CV-00142-TOR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

24 FIREARMS AND 3,138 ROUNDS
OF AMMUNITION,

    Defendant.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 17 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### RICHARD JOHNSON'S MOTION TO DISMISS VERIFIED CLAIM

Richard Johnson, *pro se*, files his Motion to Dismiss and states as follows:

This case involves the seizure of 24 firearms and 3,138 rounds of ammunition from my home.

On December 13, 2017, federal agents arrived at my house with a search warrant, believing that I had something to do with my neighbor's drug dealing business. [Amended Complaint at p.2, ln.2]. The federal agents seized my gun collection and ammunition. [Amended Complaint at p.5, ln.1].

I filed a timely claim with ATF, and the United States filed this case on May 9, 2018.

### ARGUMENT

This Court must dismiss the case with prejudice because it is untimely. The case was brought pursuant to 18 U.S.C. §924(d)(1), which provides:

> Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in

1

violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter: Provided, That upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government prior to trial, or lapse of or court termination of the restraining order to which he is subject, the seized or relinquished firearms or ammunition shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms or ammunition would place the owner or possessor or his delegate in violation of law. **Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure.**

The Government has 120 days from the date of seizure to bring administrative or judicial proceedings. The Government did not bring any administrative proceeding. The firearms and ammunition were seized on December 13, 2017. 120 days after that date is April 12, 2018. This case was opened on May 9, 2018 or almost one month past the deadline. United States v. Fourteen Various Firearms, 889 F.Supp. 875, 877 (E.D.Va.1995) (holding that the district court lacked jurisdiction to hear the case because both the administrative and the judicial forfeiture actions were not commenced within the 120-day timeframe); see generally United States v. $38,000.00 Dollars in United States Currency, 816 F.2d 1538, 1547 (11th Cir. 1987) ("If anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.")

Because no administrative action or judicial proceeding was filed within the 120 day window, the Court must dismiss the case.[1]

_____
Richard Johnson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Brian Donovan at PO BOX 1494, Spokane, WA 99210 on this 16th day of July, 2018.

_____
Richard Johnson
1508 East Wabash Avenue
Spokane, WA 99207.

---

[1] To the extent that the Government seeks to now commence administrative proceedings to return what it claims to be two stolen firearms, this is also untimely under 18 U.S.C. §924(d)(1). The alleged "true" owners of the firearms were given notification of these proceedings by publication.