UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
CASE NO: 2:18-CV-00142-TOR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

24 FIREARMS AND 3,138 ROUNDS
OF AMMUNITION,

    Defendant.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 29 2018

SEAN F. McAVOY, CLERK
　　　　　　　　　　DEPUTY
SPOKANE, WASHINGTON

### RICHARD JOHNSON'S REPLY TO RESPONSE TO MOTION TO DISMISS

Richard Johnson, *pro se*, files his Reply to Response to Motion to Dismiss and states as follows:

On December 13, 2017, federal agents seized 24 firearms and 3,138 rounds of ammunition from my home. Around the end of January, nearly two months after the seizure, I received a "notice" from the ATF. [D.E. 14-1].

The notice did not tell me why my property was taken. There was no reference to any violation of any law contained within the notice. The notice only said that my property was taken, that administrative forfeiture would be commenced, and that I had an option to file a petition for mitigation or a claim in court.

But what exactly was I mitigating? The United States failed to tell my why my property had been taken from me until I received notice of this complaint, which is more than 120 days after my property was seized.

1

## ARGUMENT

The notice of administrative forfeiture fails to comport with either the (1) due process notice requirements of civil seizures of property or (2) the ATF's requirements on initiation of administrative forfeitures, so the Court should not consider the initiation date of January 22, 2018.

Because forfeitures are disfavored, *see United States v. One Ford Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939), forfeiture laws and their notice provisions are "strictly construed . . . against the government." *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999).

A half century ago, the Supreme Court declared that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

In the Ninth Circuit, notice of administrative forfeitures must contain the specific statute that is alleged to have been violated. *Gete v. INS*, 121 F.3d 1285 (9th Cir. 1997). The failure to provide such notice is a violation of the Fifth Amendment's due process requirements. *Gete* at fn.18. When notice is insufficient in an administrative forfeiture notice, the proceedings are void. *Marolf* at 1213.

The holding of *Gete* was reaffirmed in 2012 with *Al Haramain Islamic Foundation*:

> [The] "Due Process Clause required the INS 'to give sufficient notice concerning the factual and legal bases for its seizures.' *Id.* With respect to the argument that the owners likely

2

could guess as to the reasons, we held that, 'without knowing the exact reasons for the seizure, as well as the particular statutory provisions and regulations they are accused of having violated, [the owners] may not be able to clear up simple misunderstandings or rebut erroneous inferences drawn by the INS.' *Id.* We held that the Due Process Clause required the INS to disclose the 'factual bases for seizure[ ]' and 'the specific statutory provision allegedly violated.'" *Al Haramain Islamic Found. v. U.S. Dep't of Treasury*, 686 F.3d 965, 982 (9th Cir. 2012).

D.E. 14-1 "Initiation of Administrative Forfeiture Proceedings" does not comply with the well-established precedent in the Ninth Circuit because the ATF failed to allege what law I actually violated. There is not a single reference to either 18 U.S.C. §922(a)(6) or 18 U.S.C. §922(g)(3), which is referenced for the first time in the complaint that was filed past the 120-day deadline. Therefore, under the holding of *Marolf*, the administrative proceeding was void.

On top of failing to provide me with constitutionally sufficient notice, the notice in D.E. 14-1 also failed to conform to the ATF's own regulations regarding initiation of administrative forfeiture proceedings.

Administrative forfeiture proceedings are commenced when "…the first personal written notice is sent in accordance with §8.9(b)." 28 C.F.R. §8.9(a). Subsection (iii) requires the ATF to provide "the date, statutory basis, and place of seizure" in the personal written notice. 28 C.F.R. §8.9(b)(iii).

As discussed above, D.E. 14-1 did not provide me a statutory basis for the seizure of my property. The failure to provide the statutory basis resulted in a failure of the Government to commence administrative forfeiture.

## Conclusion

My property was taken from my home on December 13, 2017 related to my neighbor's drug dealing. I am not a drug dealer, and I have never used illegal methamphetamines. After interviewing me, the agents felt satisfied that I had nothing to do with my neighbor's drug dealing (I was not arrested), but they still took my property. They did not tell me <u>why</u>.

No matter the interpretation, the purpose of 18 U.S.C. §924(d)(1) is afford citizens notice of why their property has been taken within 120 days, through either administrative or judicial proceedings. The Government failed to provide the notice in accordance with either constitutional or statutory safeguards. Therefore, this Court should dismiss this action with prejudice as to the 24 firearms and 3,138 rounds of ammunition.[1]

_____
Richard Johnson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Brian Donovan at PO BOX 1494, Spokane, WA 99210 on this 29th day of August, 2018.

_____
Richard Johnson
1508 East Wabash Avenue
Spokane, WA 99207

_____ 8/29/18

---

[1] I withdraw my previous request to dismiss this case for timeliness as to the two "stolen" firearms.

4