UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>24 FIREARMS FROM VARIOUS MANUFACTURERS, MAKES, MODELS AND ASSORTED CALIBERS, and APPROXIMATELY 3,138 ROUNDS OF ASSORTED AMMUNITION,<br><br>　　　　　Defendant. | NO. 2:18-CV-0142-TOR<br><br>ORDER DENYING CLAIMANT'S MOTION TO DISMISS |

BEFORE THE COURT is Claimant Richard Johnson's Motion to Dismiss Verified Claim (ECF No. 11). This matter was heard without oral argument. The Court has reviewed the motion, the record and files herein, and is fully informed. For the reasons discussed below, the Motion to Dismiss (ECF No. 11) is **DENIED**.

//

//

ORDER DENYING CLAIMANT'S MOTION TO DISMISS ~ 1

## BACKGROUND

This case concerns a civil forfeiture action brought by Plaintiff, United States of America, against numerous firearms and ammunition seized from the home of Richard Johnson ("Claimant"). The Defendant property consists of 22 firearms and approximately 3,138 rounds of ammunition, which were seized pursuant to a federal search warrant on December 13, 2017, and two subsequently acquired firearms. ECF No. 3 at ¶¶ 2, 14. The United States seeks to forfeit the Defendant property pursuant to 18 U.S.C. § 924(d)(1) because the property constitutes firearms and ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(3), i.e., a person who is an unlawful user of a controlled substance in possession of firearms and ammunition. *Id*. at 7-8, ¶ 19.

In the instant motion, Claimant, proceeding *pro se*, moves this Court to dismiss Plaintiff's forfeiture action with prejudice. ECF No. 11 at 1. For the reasons discussed below, the Court denies Claimant's motion to dismiss.

## FACTS

In the fall of 2016, the United States Drug Enforcement Administration (DEA) and the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) were conducting independent investigations into controlled substance violations. ECF No. 3 at 4, ¶ 9. Based on information discovered during the investigation, agents determined that one of the targets of the investigation lived in a Spokane residence

with the Claimant. *Id*. at ¶ 10. The investigation also revealed that another target of the investigation had delivered methamphetamine to the Spokane residence, and the residence had been used to store methamphetamine and firearms. *Id*.

On December 13, 2017, the ATF, DEA, and the Spokane Police Department (SPD), executed a federal search warrant at the Spokane residence. *Id*. at ¶ 11. ATF agents seized 24 firearms and approximately 3,138 rounds of ammunition. *Id*. at ¶ 12. DEA agents also seized 49 gross grams of suspected methamphetamine and 240 gross grams of suspected marijuana. *Id*. During the search, Claimant was interviewed by an ATF agent and admitted that he routinely used marijuana. *Id*.

On December 22, 2017, ATF agents contacted Claimant at the Spokane residence and conducted a consensual conversation with Claimant in the agents' vehicle. *Id*. at ¶ 13. The agents asked Claimant about the methamphetamine found in his residence and informed Claimant that the agents were aware of communications on Claimant's telephone regarding methamphetamine. *Id*. According to Plaintiff, Claimant then alluded to using methamphetamine. *Id*.

On January 22, 2018, the Government sent Claimant a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings. ECF No. 14-1 at 1-4 (Attach. A). Claimant responded to the notice by filing an Asset Claim Form on February 8, 2018. ECF No. 14-2 (Attach. B). On May 9, 2018, the

Government initiated judicial forfeiture proceedings by filing the Verified Complaint for Forfeiture against the Defendant property at issue. ECF No. 1. Claimant filed this Motion to Dismiss on July 17, 2018. ECF No. 11.

## DISCUSSION

In his Motion to Dismiss, Claimant asserts that Plaintiff's forfeiture action is untimely under 18 U.S.C. § 924(d)(1). ECF No. 11 at 3. Section 924(d)(1) states, in pertinent part, "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." 18 U.S.C. § 924(d)(1). Claimant argues that the Defendant property was seized on December 13, 2017 and one-hundred and twenty-days from that date is April 12, 2018; however, "[t]he Government did not bring any administrative proceeding" and the Verified Complaint was not filed until May 8, 2018, almost one month after the April 12, 2018 deadline. ECF No. 11 at 3. Because "no administrative or judicial proceeding was filed within the 120 day window," Claimant contends that the forfeiture action must be dismissed as untimely. *Id.*

In response, Plaintiff argues that this civil forfeiture action was timely commenced. ECF No. 14 at 1-2. To support this position, Plaintiff points out that the Government sent Claimant a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings on January 22, 2018, Claimant then filed an Asset Claim Form on February 8, 2018, and the Government subsequently initiated

this civil forfeiture action on May 8, 2018. *Id.* Based on this timeline, Plaintiff maintains that the Government complied with the statutory time requirements: the Government initiated administrative forfeiture proceedings within one-hundred and twenty-days of seizure, as required under 18 U.S.C. § 924(d)(1); and, the Government initiated this civil forfeiture action within ninety-days of receiving Claimant's administrative claim, as required under 18 U.S.C. § 983(a)(3). *Id*. at 2.

In his reply brief, Claimant appears to agree that the Government did in fact initiate administrative forfeiture proceedings on January 22, 2018. ECF No. 16 at 1. Claimant argues, however, that "the Court should not consider the initiation date of January 22, 2018" because the Government failed to comply with the requisite notice requirements for administrative forfeiture, rendering the administrative forfeiture proceeding void. *Id*. at 2. Claimant contends that the Government's notice of administrative forfeiture was constitutionally deficient because the notice failed to disclose the specific statutory provisions allegedly violated. *Id*. at 3.

Beginning with the timeliness issue, the Court finds that Plaintiff's civil forfeiture action is timely under 18 U.S.C. §§ 924(d)(1) and 983(a)(3). As noted, section 924(d)(1) mandates that "[a]ny action or proceeding for the forfeiture of firearms or ammunition" be commenced within one-hundred and twenty-days of seizure. 18 U.S.C. § 924(d)(1). Based on the plain language of the statute, the

Court finds that the phrase "any action or proceeding" does not refer only to judicial forfeiture actions, but also contemplates administrative forfeiture proceedings. Section 924(d)(1)'s time limitation simply requires that the Government initiate either an administrative forfeiture proceeding or a judicial forfeiture action within one-hundred and twenty-days of the seizure of the property at issue. Here, the Government initiated an administrative forfeiture proceeding when it sent Claimant a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings on January 22, 2016, which was well within the one-hundred and twenty-day statutory period.

Plaintiff also complied with 18 U.S.C. § 983(a)(3)'s time requirements. Section 983(a)(3) addresses what happens after the Government receives a claim for seized property in an administrative forfeiture proceeding. The general rule is that the filing of an administrative claim triggers the running of a ninety-day tolling period in which the Government must file a civil forfeiture complaint. 18 U.S.C. § 983(a)(3) ("Not later than ninety days after a claim has been filed, the government shall file a complaint for forfeiture"); *United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1141 (9th Cir. 2008). Here, Plaintiff received

Claimant's administrative claim on February 8, 2018.[1] *See* ECF No. 14-2 at 5 (Attach. B). On May 9, 2018, less than ninety-days after receiving Claimant's administrative claim, Plaintiff initiated judicial forfeiture proceedings by filing the Verified Complaint against the property in question. ECF No. 1. Accordingly, Plaintiff initiated this civil forfeiture action within the statutorily mandated timelines.

Regarding Claimant's notice argument, the Court finds that the Government's notice of administrative forfeiture was constitutionally sufficient. "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "'Due process is flexible and calls for such procedural protections as the particular situation demands.'" *Gilbert v. Homar*,

---

[1] A claim is deemed filed on the date the claim is received by the seizing agency. *United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1141 (9th Cir. 2008) ("If a claim is filed, the government then has ninety days from the date the claim was received by the seizing agency to file a civil complaint.").

520 U.S. 924, 930 (1997) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In the context of administrative seizures, due process requires that the Government "give sufficient notice concerning the factual and legal bases for its seizures" and provide an opportunity to respond. *Gete v. INS*, 121 F.3d 1285, 1287-91 (9th Cir. 1997).

Here, the Government sent Claimant personal written notice of the administrative forfeiture, and the notice provided "the date, statutory basis, and place of seizure," as required under 28 C.F.R. § 8.9(b). The Notice of Seizure specified that the Defendant Property was seized "on December 13, 2017 by the ATF at SPOKANE, Washington," and that the forfeiture was "initiated pursuant to 18 U.S.C. § 924(d) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983, and 28 C.F.R. Parts 8 and 9." ECF No. 14-1 at 3 (Attach. A).

Claimant asserts that the Government's notice is constitutionally deficient because the Verified Complaint states that the Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) for violations of 18 U.S.C. § 922(g)(3) (i.e., drug user in possession of firearms and ammunition), but the Notice of Seizure does not contain a single reference to § 922(g)(3). ECF No. 16 at 3. Claimant is correct that the Government's notice of administrative forfeiture does not explicitly mention § 922(g)(3). However, the notice does cite § 924(d), which

specifically incorporates § 922 by reference. *See* 18 U.S.C. § 924(d)(1) ("Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 . . . shall be subject to seizure and forfeiture"). Though the Government certainly could have been more specific in explaining the legal basis for its seizure, the Court finds that the absence of an explicit reference to § 922(g)(3) does not render the notice constitutionally deficient. The Government's notice of administrative seizure identified the relevant facts and statutes violated, and provided Claimant an opportunity to respond (which Claimant exercised by filing the Asset Claim Form and the pending Motion to Dismiss).

In sum, the Court finds that Plaintiff's forfeiture action was timely and the notice of administrative forfeiture proceedings was constitutionally sufficient.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Claimant's Motion to Dismiss Verified Claim (ECF No. 11) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 11, 2018.



THOMAS O. RICE
Chief United States District Judge